UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER P. LEES,

    Petitioner,

v.

PBSP WARDEN,

    Respondent.

No. 2:19-cv-0703 CKD P

ORDER AND FINDINGS & RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

I.    <u>Application to Proceed In Forma Pauperis</u>

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. (ECF No. 6.) Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

II.    <u>Petition</u>

Petitioner seeks to challenge his 1989 Solano County Superior Court conviction for murder. (ECF No 1 at 1-2; ECF No. 5 at 1.)

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. <u>Burton v.</u>

1

Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "Even if a petitioner can demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive petition], he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).

The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case and has previously been advised of the need to obtain permission from the Ninth Circuit before filing another petition challenging that conviction in this court. The previous application was filed by the Clerk of the Court on December 26, 1990, and was denied on the merits on January 13, 1993. See Lees v. Hedgepeth, No. 2:11-cv-1422 DAD (E.D. Cal.) (dismissing petition challenging 1989 Solano County Superior Court conviction as successive because petition in Lees v. Borg, No. 2:90-cv-1599 WBS GGH (E.D. Cal.) challenged same conviction and was denied on the merits). This court takes judicial notice of the records in those proceedings. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

Before petitioner can proceed on his claims, he must submit a request to the United States Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider the application and that request must be granted. 28 U.S.C. § 2244(b)(3). Petitioner has not provided any evidence that he has received the required authorization. The undersigned will therefore recommend that this action be dismissed without prejudice to re-filing once petitioner receives authorization to proceed from the Ninth Circuit.

////

2

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6), is granted.

2. The Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 20, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:lees0703.successive.f&r